NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

25-P-14                                          Appeals Court


    MARK LAYMAN  vs.  MASSACHUSETTS BAY TRANSPORTATION AUTHORITY
                          & another.[1]


                        No. 25-P-14.

      Suffolk.    October 3, 2025. – April 6, 2026.

          Present:  Rubin, Shin, & Singh, JJ.



Massachusetts Bay Transportation Authority.  Railroad.  Statute,
    Construction.  Practice, Civil, Standing, Action in nature
    of mandamus, Motion to dismiss.



    Civil action commenced in the Superior Court Department on
March 30, 2023.

    A motion to dismiss was heard by David A. Deakin, J., and a
motion to alter or amend the judgment was considered by him.


    Peter A. Brown (Nathan G. Andrews also present) for the
plaintiff.
    Jennifer M. Lee Sage (John J. Bonistalli also present) for
Massachusetts Bay Transportation Authority.

_____

        [1] Department of Public Utilities (department).  A
stipulation of dismissal entered as to the claims against the
department, leaving the Massachusetts Bay Transportation
Authority as the only defendant.

RUBIN, J.  The plaintiff alleges that in its operation of its commuter rail trains, the Massachusetts Bay Transportation Authority (MBTA) is under a clear and unequivocal duty to sound both bells and whistles at all at-grade crossings, which the MBTA concededly does not do.  Not only is this the gravamen of the complaint, it is also the basis for the plaintiff's claim of standing to sue, which he avers he is entitled to do under the "public right doctrine."  This doctrine allows a citizen to bring an action for relief in the nature of mandamus, to procure the enforcement of a public duty.  See Tax Equity Alliance for Mass. v. Commissioner of Revenue, 423 Mass. 708, 714 (1996).  A judge of the Superior Court concluded that the plaintiff lacked standing under this doctrine, dismissed the plaintiff's complaint, and denied the plaintiff's motion to alter or amend the judgment.  The plaintiff now appeals.

The plaintiff argues that a public duty is imposed on the MBTA by G. L. c. 160, § 138 (§ 138).  That statute provides,

> "Every railroad corporation shall cause a bell of at least thirty-five pounds in weight, and a whistle, to be placed on each locomotive engine passing upon its railroad; and such bell shall be rung or at least three separate and distinct blasts of such whistle sounded at the distance of at least eighty rods from the place where the railroad crosses upon the same level any public way or traveled place over which a signboard is required to be maintained as provided in sections one hundred and forty and one hundred and forty-one; and such bell shall be rung or such whistle sounded continuously or alternately until the engine has crossed such way or traveled place."

The plaintiff argues that there was a public safety purpose motivating the enactment of this statute; that the whistle provides dramatically more safety to pedestrians than the bell; and that lives will be saved if the whistle is used at every crossing, rather than only the bell.  Indeed, he asserts that "[t]he MBTA has publicly acknowledged that sounding the train whistle is a vital warning and that doing so saves lives."  For purposes of our decision, we accept the truth of these assertions.

Nonetheless, the plain language of the statute states that either the bell shall be rung or the whistle sounded.  It does not say that the whistle must be sounded.  Its public safety purpose does not change that.  Nor, as the plaintiff argues, does this plain language reading contradict G. L. c. 160, § 139 (§ 139), which provides a mechanism by which, on petition, the Department of Public Utilities may "forbid or regulate the sounding of whistles on the locomotives of [railroad corporations] at any specified grade crossings of the tracks of such corporation with any public way."  This language does not imply that there is otherwise a mandate to sound those whistles at all grade crossings.  Rather, § 139 creates a mechanism to remove the railroad's ability in certain circumstances to exercise its discretion to do so.

The plaintiff raises several arguments in support of his contention that "or" in this case should be read to mean "and." None is availing.

The plaintiff notes that the 1874 version of § 138 stated, "such bell shall be rung or such whistle sounded," followed by "either one or the other."  St. 1874, c. 372, § 123.  He argues that the removal of this latter phrase from the statute means that both must now be rung and sounded.  See St. 1882, c. 112, § 163.  Of course, we have no information as to why this language was struck -- indeed, it might have been due to redundancy -- but it does not matter.  The word "or" has remained in the statute for over 150 years.  There is no suggestion that "or" somehow came to mean "and" during that time.

The plaintiff cites some instances in which the statute was described as requiring both the ringing of a bell and the sounding of a whistle.  Thus, for example, the bill summary for a piece of unpassed legislation -- House Bill No. 2264 (1999) -- stated that § 138 "requires three separate soundings of a whistle . . . and must also sound the bell intermittently until the train has cleared the crossing."  This language, in a mere summary of what is, in any event, an unpassed bill, has no bearing on our construction of the language in the statute.

The plaintiff argues that in <u>Boyd</u> v. <u>National R.R.</u> <u>Passenger Corp</u>., 446 Mass. 540, 550 n.13 (2006), the Supreme Judicial Court described § 138 as "requir[ing]" "[t]he use of an engine-mounted horn." <u>Boyd</u>, however, was a case about the death of a fifteen year old child struck by a commuter rail train. The engineer of the train stated that he had sounded his horn before the impact. In <u>Boyd</u>, <u>id</u>. at 550-551, the plaintiff's claim was that the engineer had failed to sound the train's horn at least eighty rods (1,320 feet) from the grade crossing. There was no suggestion that the engineer had been ringing the bell on the train instead of sounding the horn, so whether the bell sufficed to meet the requirements of § 138 in that context was not a question before the court. Given this posture, even if the language of the opinion could be read as a statement that a bell alone would not have sufficed to meet the requirements of the statute, it was not necessary to the decision in the case, and therefore is not an authoritative construction of the statute -- the full text of which, including of course the word "or," was quoted by the Supreme Judicial Court.

The plaintiff spends some of his brief arguing that we should follow <u>Anderson</u> v. <u>Attorney Gen</u>., 479 Mass. 780, 791-792 (2018), which he characterizes as reading the word "or" to mean "and." That is a mischaracterization of the court's opinion in that case. There, the court construed the language of art. 48,

The Initiative, II, § 3, of the Amendments to the Massachusetts Constitution, as amended by art. 74 of the Amendments.  See Anderson, supra at 786.  That article provides the Attorney General must certify that any petition properly signed and submitted to her "contain[] only subjects . . . which are related or which are mutually dependent."  Art. 48, The Initiative, II, § 3, as amended by art. 74.  In that context, the court said, "[i]t is fundamental to statutory construction that the word 'or' is disjunctive 'unless the context and the main purpose of all the words demand otherwise'" (citation omitted).  Anderson, supra at 792.  The court concluded that "or" was not being used to create a disjunctive, but to signal a "rephras[ing]" or "synonym" of the word that came before it, "related" (citations omitted).  Id.  The structure of the statutory sentence in this case, which places two different things on either side of the word "or" -- the ringing of the bell and the sounding of the horn -- forecloses any such reading here.

The plaintiff appears to have genuine concern for pedestrian safety.  But no argument raised by the plaintiff gives this court authority to rewrite the clear language of this statute, language that was adopted over 150 years ago.  If the plaintiff seeks to change that, his remedy lies with the Legislature.

Because the statute does not create the public duty alleged by the plaintiff, he lacks standing to bring this suit.  The judgment, and the order denying the motion to alter or amend the judgment, therefore are affirmed.[2]

<u>So ordered</u>.

---

[2] Our conclusion forecloses the need to address any other issues raised in the case.  MBTA's request for damages and double fees is denied.